# SUPREME COURT.

## Eber Moffatt agt. Zadock Pratt.

What matters considered *irrelevant* and *redundant* in the statement in the complaint of the cause of action, for the possession and conversion of personal property.

(*The pleader, in this case, seems to have entertained enlarged views in reference to the description of the* cause of action, *and to have exercised quite a liberal indulgence in applying consequences to the defendant.*)

*Albany Special Term, July,* 1855.

Motion to strike out, &c.

The complaint stated that one Hiram Cumming was possessed of about 500 prints, struck from a certain steel-plate engraving, *originally designed to represent the form and features of the celebrated British statesman Sir Robert Peel, in a standing posture, and whose head was decapitated, or struck off, by a certain curious piece of mechanical necromancy, and the head of the defendant, the Honorable Zadock Pratt, substituted therefor, at his special instance and request, and under his dictation and direction,* with which he was so well pleased, that he contrived to get into his possession the said prints, which the said Hiram Cumming duly sold to the plaintiff for a good and sufficient consideration; and which, after such sale and transfer, and before the commencement of this action, the defendant wrongfully converted to his own use, *by distributing in divers counties and different sections of this state, to be stuck up in the pot-houses, bar-rooms, groceries, oyster saloons, public libraries and legislative halls, for the purpose of exhibition, so that the enlightened freemen of the empire state would become so enamored of his august personage as to bear him triumphantly into the executive chair, and make him governor of a mighty commonwealth,* the said prints still being the property of the plaintiff, and he being entitled to the possession thereof. Wherefore the plaintiff demands judgment against the defendant for $500, the value of the prints.

Moffatt agt. Pratt.

The defendant moved to strike out, as irrelevant and redundant, those parts of the complaint which are printed in *italics.*

THOMAS SMITH, *for plaintiff.*
W. H. PECKHAM, *for defendant.*

HARRIS, Justice. The subject of the action is certain prints, which the plaintiff alleges the defendant had wrongfully converted to his own use. It was proper that the plaintiff should describe the property thus converted. He has chosen to do so by referring to the origin and history of the engraving from which the prints had been struck. The description is sufficiently distinct and intelligible. It might, undoubtedly, have been stated more briefly, and, perhaps, in terms less offensive to the defendant, but this was a matter of *taste,* rather than of *legal necessity.*

So far as the matter of the complaint embraced in the motion tends to furnish a description of the subject of the action, it cannot be regarded as either irrelevant or redundant. But I think it was quite unnecessary for the plaintiff to state that the " mechanical necromancy," by which the head of Sir Robert Peel was *struck off,* and that of the defendant substituted, was performed " *at the special instance and request of the defendant, and under his dictation and direction.*" This part of the statement can hardly be considered as tending to identify the engraving from which the prints in question had been struck. It was obviously designed for an entirely different purpose—*one unknown to the rules of pleading under any system of practice.* This portion of the complaint, therefore, must be struck out, as wholly irrelevant.

And so must all that portion of the complaint specified in the *second* clause of the defendant's notice. It was enough for the plaintiff to allege that the prints had been wrongfully converted by the defendant to his own use. If the conversion should be denied by the defendant, it may, upon the trial, be allowable for the plaintiff to show that the defendant had distributed the prints in the manner stated, with a view to estab-

lish the fact of a conversion. But even then, it would be quite incompetent for the plaintiff to give evidence, even if he were able to do so, to show the motive which actuated the defendant in making such distribution. Whatever may have been the defendant's purpose, if he has converted the plaintiff's property, he is liable for its value. He is liable for nothing more, even though he had been actuated by a motive as absurd and ridiculous as that stated in the complaint.

The defendant having but partially succeeded in his motion, neither party is entitled to costs.